## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAHCOB KAHLIL SWINTON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4496 |
| | : | |
| MARY J. WALK, | : | |
| Defendant. | : | |

### MEMORANDUM

**KENNEY, J.**                                              **SEPTEMBER 16 , 2024**

Plaintiff Yahcob Kahlil Swinton filed this civil action against Mary J. Walk, Director of the Office of Judicial Support for the Delaware County Court of Common Pleas, based on allegations that Walk failed to file Swinton's documents in a civil case. Swinton seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Swinton leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

## I.    FACTUAL ALLEGATIONS[1]

Swinton alleges that on August 15, 2024, he "attempted to file essential legal documents with the Civil Filings Office, which were required for the proper prosecution of Plaintiff's case," in which he asserts he was a "Trustee," (Compl. ¶ 4), but that Walk "unlawfully refused to accept and file these documents," (*id*. ¶ 7). Swinton contends that after reading the documents, Walk told him that "his documentation could not be filed because 'it wasn't legal.'" (*Id.* ¶ 8.) Swinton again attempted to file the documents on August 20, 2024, and claims that he "even provided the Clerk an Order to Perform Specific Duties" but that Walk "again refused to accept the filings." (*Id.* ¶ 9.) Swinton attached a copy of the "Order to Perform Specific Duties" as an exhibit to his

---

[1] The following allegations are taken from the Complaint (ECF No. 2). The Court adopts the pagination supplied to those filings by the CM/ECF docketing system.

Complaint. (ECF No. 2-2.) The document appears to have been prepared by Swinton in the form of a court order, which he himself signed as "THE COURT" and "Attornatus Privatus," directing the Clerk to accept Swinton's undescribed documents based on his legal arguments. (*Id.*)

Walk allegedly "sent a message via the Deputy Clerk that the Order wouldn't be filed at all and that the Notice of Payment could not be filed into evidence but only as a correspondence." (Compl. ¶ 9.) On this occasion, Swinton was asked to leave the Civil Filings Office and allegedly told that he would be removed if he did not do so. (*Id.* ¶ 10.) It appears he was asked to leave after he "discovered that [Walk's] oath of office was not filed with the Deed of Records associated with her bond" and "requested to see this documentation." (*Id.* ¶ 11.)

Based on those allegations, Swinton claims that Walk violated his constitutional rights to due process and access to the courts, as well as Pennsylvania law and procedure, by refusing to file his documents. (*Id.* ¶ 12.) He also claims that Walk's "failure to have her oath of office properly filed" violates Pennsylvania law, specifically, the Pennsylvania Public Official and Employee Ethics Act. (*Id.* ¶ 13.) Swinton seeks an injunction "requiring [Walk] to accept and file [his] legal documents in a timely manner," a declaration that "[Walk's] failure to have her oath of office" violates Pennsylvania law and that her "refusal to file [his] legal documents" violated his rights, and damages. (*Id.* at 4.)

## II.     STANDARD OF REVIEW

The Court will grant Swinton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, --- F.4th ---, 2024 WL 3820969 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Swinton is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it

is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

### A.  Constitutional Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Swinton alleges that Walk's refusal to file his documents violated his constitutional rights to due process and access to the courts.

"The Supreme Court has recognized that a constitutional right to effectively use the courts has been found in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." *Gibson v. Superintendent of NJ Dep't of L. & Pub. Safety-Div. of State Police*, 411 F.3d 427, 441 (3d Cir. 2005), *overruling on other grounds recognized by Dique v. N.J. State Police*, 603 F.3d 181, 183 (3d Cir. 2010); *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011) ("[T]he Petition Clause [of the First Amendment] protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes.").  Swinton asserts he was prevented from filing certain documents.  However, "only prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a

constitutional violation." *Est. of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003).  In such circumstances, "a plaintiff can seek relief for 'loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief.'  *Gibson*, 411 F.3d at 441.

"Denial of access claims generally fall into two categories."  *Id.*  The first type of claim alleges that an official action is preventing the plaintiff from filing suit and seeks to remove the "frustrating condition" to permit the plaintiff to pursue his claims for relief.  *Id.*  The second type of claim "looks backward" to allege that "some past wrongful conduct influenced a litigation opportunity such that the litigation 'ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable.'"  *Id.* at 442 (quoting *Christopher v. Harbury*, 536 U.S. 403, 414 (U.S. 2002)).  In such cases, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."  *Christopher*, 536 U.S. at 415.  "[T]he complaint must [also] identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."[2]  *Id.*

Swinton alleges that he was denied access to the courts because Walk refused to "file essential legal documents" that she claimed were not "legal," and that, when Swinton "again

---

[2] The Court will analyze Swinton's due process and denial of access claims together because the Court cannot discern any basis for a due process claim separate and apart from the alleged denial of access.  *See Wiggins v. Logan*, 345 F. App'x 811, 814 (3d Cir. 2009) (*per curiam*) (analyzing due process claim under denial of access to courts framework); *Miller v. Hartwell*, No. 19-339, 2022 WL 768295, at *3 (W.D. Pa. Mar. 14, 2022) (dismissing due process claim as duplicative of denial of access claim); *Hitner v. Alshefski*, No. 18-2008, 2020 WL 3288157, at *2 (M.D. Pa. June 18, 2020) ("Hitner's First Amendment claim is identical to his Fourteenth Amendment due process claim.  Both are based on defendants' interference with his access to the courts.  Hitner's access to the courts claim is covered by a specific constitutional provision—the First Amendment—and this claim must be analyzed under the 'more specific provision.'"); *see generally Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards

attempted to file legal documents related to the same case" five days later, Walk sent a message that "the Order to Perform Specific Duties wouldn't be filed at all and that the Notice of Payment could not be filed into evidence but only as a correspondence." (Compl. ¶ 9.) Swinton's claims appear to be predicated on the "Order to Perform Specific Duties" and the "Notice of Payment," since those are the only two documents identified in the Complaint. However, it is difficult to discern how any alleged failure to file Swinton's "Order to Perform Specific Duties" could have adversely impacted a litigation to which he was a party, since it is not asking for any relief from the court. Rather, the document is essentially Swinton's effort (in the unusual form of a court "order" that he himself signed) to convince Walk that she was required to accept his documents. (ECF No. 2-2 at 1-2.) As to the "Notice of Payment"—the nature of which is unclear from the Complaint—Swinton's allegations reflect that Walk permitted the document to be filed, but only as correspondence. Accordingly, this document could have been filed (and perhaps was), just not apparently in the manner Swinton would have preferred.

In any event, the Complaint does not describe the nature of the case in which Swinton sought to file his documents, explain how the civil case was impacted by Walk's handling of them, or identify a remedy that may be awarded as recompense that is not otherwise available. Without this information, Swinton has not met the standard for stating a plausible claim. Accordingly, the Court will dismiss Swinton's constitutional claims. *See White v. Dauphin Cnty.*, No. 22-1241, 2024 WL 3046718, at *7 (M.D. Pa. June 18, 2024) (dismissing denial of access claim where plaintiff failed to address how the defendant prevented him from filing suit or rendering his access ineffective or meaningless); *see also Gibson*, 411 F.3d at 444 ("Because

---

relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause).

Gibson's inadequate allegations do not allow us to decide whether his lost claims were ever available or still are available, we will uphold the dismissal of this part of his claim.").

### B.  State Claims

Swinton's remaining claims arise under state law.  There is no independent basis for the Court's jurisdiction over any these claims.[3]  The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).  For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."  *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).

The Complaint is silent on the citizenship of the parties.  It is also not clear from the Complaint that the amount in controversy requirement is met here.  Accordingly, the Court will dismiss Swinton's remaining state claims for lack of subject matter jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Swinton leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.  Swinton will be provided an opportunity

---

[3] The Court declines to exercise supplemental jurisdiction having dismissed Swinton's federal claims.

to file an amended complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, J.**