IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAHCOB KAHLIL SWINTON,<br>    Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 24-CV-4496 |
| MARY J. WALK, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**KENNEY, J.**                                                                                          **OCTOBER 3, 2024**

Currently before the Court is an Amended Complaint filed by Plaintiff Yahcob Kahlil Swinton against Robert A. Aucliar, Director of the Recorder of Deeds, and Mary J. Walk, Director of the Office of Judicial Support for the Delaware County Court of Common Pleas, based on allegations that Aucliar and Walk refused to "record and file vital legal documents related to [Swinton's] ongoing foreclosure case." (Am. Compl., ECF No. 8, at 1.)  For the following reasons, the Court will dismiss the Amended Complaint.

**I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

In his initial Complaint, which named only Walk as a Defendant, Swinton alleged that Walk denied him access to the courts and violated state law by refusing to file an "Order to Perform Specific Duties" and a "Notice of Payment" in an unspecified pending case, in which he asserted he was a "Trustee."  *Swinton v. Walk*, No. 24-4496, 2024 WL 4205587, at *1 (E.D. Pa. Sept. 16, 2024).  Swinton also claimed that Walk violated Pennsylvania law by failing to "have her oath of office properly filed."  *Id.*  In a September 16, 2024 Memorandum and Order, the Court granted Swinton leave to proceed *in forma pauperis*, dismissed his federal constitutional

---

[1] The factual allegations are taken from Swinton's Amended Complaint (ECF No. 8).  The Court adopts the pagination supplied to Swinton's filings by the CM/ECF docketing system.

claim for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim, and dismissed his state claims for lack of subject matter jurisdiction. *Id.* at *2-4. Relevant here, the Court concluded that Swinton failed to state a denial of access to courts claim because, among other things, "the Complaint does not describe the nature of the case in which Swinton sought to file his documents, explain how the civil case was impacted by Walk's handling of them, or identify a remedy that may be awarded as recompense that is not otherwise available." *Id.* at *3.

Swinton was given leave to file an amended complaint, which he did.  The Amended Complaint reflects that in November 2023, a mortgage foreclosure complaint was filed in the Delaware County Court of Common Pleas against the Yakoub Kahlil Swinton Trust,[2] Swinton in his individual capacity and as a Trustee of that Trust, and a third defendant.  (Am. Compl. at 52.) Swinton alleges that in July and August of 2024, Walk and Aucliar refused to record or file the following documents that he contends are relevant to his civil case:  Power of Attorney over Trust, Affidavit of Life, Affidavit of Correction, Affidavit of Knowledge of Facts, Notice and Warning to Utility Companies, Schedule of Fees, and Notice of Payment and Satisfaction of Obligation of Trust property.  (Am. Compl. at 1, 3.)  Aucliar also allegedly failed to record a document titled "Certificate of Trust."  (*Id.* at 3.)  Swinton attached copies of those documents to his Amended Complaint as exhibits A, B and I.  (*Id.* at 8-51, 110-12.).  He claims he has a "well-documented history of filing and recording similar legal documents in the Delaware County

---

[2] The caption of the Amended Complaint appears to include the Trust as a party to this case even though the substance of the Amended Complaint does not clearly raise claims on behalf of the Trust. (Am. Compl. at 1.)  Although a trustee may sue on behalf of a trust when the trust it the true party in interest, the trustee may not do so on a *pro se* basis and, rather, "need[s] to retain counsel." *Marin v. Leslie*, 37 F. App'x 217, 219-20 (3d Cir. 2009) (*per curiam*).  Accordingly, to the extent Swinton intends to raise claims on behalf of the Trust, those claims must be dismissed without prejudice to the Trust raising them through licensed counsel.

public records," (*id.* at 1), which he contends sets "a precedent for accepting documents pertinent to the Trust property,"³ (*id.* at 2), such that the more recent rejection of his documents was "without justification," (*id.* at 3).

Swinton alleges that the refusal to accept the Power of Attorney over Trust, Affidavit of Life, Affidavit of Correction, Affidavit of Knowledge of Facts, Notice and Warning to Utility Companies, Schedule of Fees, and Notice of Payment and Satisfaction of Obligation of Trust property, "has severely impacted [his] ability to assert legal rights in the foreclosure case" because "[t]he documents are vital in proving that the mortgage obligation has been satisfied." (*Id.* at 4.) "[W]ithout their filing, [Swinton contends he] is unable to properly defend against the foreclosure, risking the loss of [the] home." (*Id.*) In support of these assertions, Swinton includes an exhibit he describes as "provid[ing] all definitions, rules and regulations of the UCC governing this very transaction in question" which he contends "could provide insight as to [why] the methods of tendering payment being filed and recorded is so vital to the case." (*Id.* at 2; *id* at 113-33.) Swinton asserts claims for violation of his constitutional rights to due process and to access the courts. (*Id.* at 5.) He also brings assorted claims under Pennsylvania law. (*Id.* at 5-6.) He seeks a declaration that his rights have been violated, an order compelling the Defendants to record and file his documents, and damages. (*Id.* at 6-7.)

## II.     STANDARD OF REVIEW

Since Swinton is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it is frivolous.  A complaint is

---

³ Swinton describes the documents he previously filed and recorded as:  Deed of Conveyance of Trust Property, Perfected Lien on Debtor, Legal Notice and Demand, Power of Attorney and Affidavit of Title, Tender of Payment with Medallion and Postage, and Tax Payment Tender with Medallion.  (Am. Compl. at 2-3.)  He also attached copies of those documents as exhibits to his Amended Complaint.  (*Id.* at 53-109.)

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

### III.    DISCUSSION

#### A.  Constitutional Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Swinton alleges that the Defendants' refusal to record and file his documents

violated his constitutional rights to due process and access to the courts by preventing him from meaningfully defending against the foreclosure action.

"The Supreme Court has recognized that a constitutional right to effectively use the courts has been found in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." *Gibson v. Superintendent of NJ Dep't of L. & Pub. Safety-Div. of State Police*, 411 F.3d 427, 441 (3d Cir. 2005), *overruling on other grounds recognized by Dique v. N.J. State Police*, 603 F.3d 181, 183 (3d Cir. 2010); *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011) ("[T]he Petition Clause [of the First Amendment] protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes."). "[O]nly prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation." *Est. of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003). In such circumstances, "a plaintiff can seek relief for 'loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief." *Gibson*, 411 F.3d at 441.

"Denial of access claims generally fall into two categories." *Id.* The first type of claim alleges that an official action is preventing the plaintiff from filing suit and seeks to remove the "frustrating condition" to permit the plaintiff to pursue his claims for relief. *Id.* The second type of claim "looks backward" to allege that "some past wrongful conduct influenced a litigation opportunity such that the litigation 'ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable.'" *Id.* at 442 (quoting *Christopher v. Harbury*, 536 U.S. 403, 414 (U.S. 2002)). In such cases, "the underlying cause of action, whether

anticipated or lost, is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.  "[T]he complaint must [also] identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."[4]  *Id.*

A review of the documents that Swinton sought to file in his foreclosure case reveals they are all predicated on sovereign-citizen style verbiage, which courts have often characterized as invoking "alchemistic, archaic, and irrelevant formalism[] . . . unlikely to bring [a plaintiff] relief in *any* court of law."[5]  *Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 133 (3d Cir. 2013) (*per curiam*); *Blinke v. Sweeney*, No. 23-01259, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), *report and recommendation adopted*, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023) (explaining that "'sovereign citizen' or 'straw man' arguments have been widely rejected as frivolous by federal and state courts"); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's

---

[4] As with the screening of the initial Complaint, the Court will analyze Swinton's due process and denial of access claims together because the Court cannot discern any basis for a due process claim separate and apart from the alleged denial of access. *See Wiggins v. Logan*, 345 F. App'x 811, 814 (3d Cir. 2009) (*per curiam*) (analyzing due process claim under denial of access to courts framework); *Miller v. Hartwell*, No. 19-339, 2022 WL 768295, at *3 (W.D. Pa. Mar. 14, 2022) (dismissing due process claim as duplicative of denial of access claim); *Hitner v. Alshefski*, No. 18-2008, 2020 WL 3288157, at *2 (M.D. Pa. June 18, 2020) ("Hitner's First Amendment claim is identical to his Fourteenth Amendment due process claim.  Both are based on defendants' interference with his access to the courts.  Hitner's access to the courts claim is covered by a specific constitutional provision—the First Amendment—and this claim must be analyzed under the 'more specific provision.'"); *see generally Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule").

[5] Much has been written about sovereign citizen filings.  *See e.g., El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 544 (D.N.J. 2011).

time, which is being paid by hard-earned tax dollars"). This includes positions such as those advanced in Swinton's "Notice of Payment & Satisfaction of Obligation," (Am. Compl. at 38-50), that financial obligations may be satisfied by an "International Bill of Exchange." *See, e.g.*, *Bey v. Bray*, No. 22-933, 2023 WL 5987393, at *8 (E.D. Tex. Aug. 1, 2023) (dismissing complaint, which included allegations that an "International Bill of Exchange" was valid tender for a loan, because "Plaintiff's claims based on sovereign citizen theories are both meritless and frivolous"), *report and recommendation adopted*, 2023 WL 6162742 (E.D. Tex. Sept. 21, 2023); *Sanders v. MTC Fin. Inc.*, No. 22-00066, 2022 WL 2665952, at *4 (D. Ariz. July 11, 2022) ("Plaintiff's 'Bill' is nothing more than a document containing verbose legal language which, when read in its entirety, is clearly not legal tender nor a means to discharge Plaintiff from his responsibility to pay his home loan."), *appeal dismissed*, No. 22-16066, 2022 WL 18358078 (9th Cir. Nov. 9, 2022). Indeed, "[c]ourts confronted with sovereign citizens' legal theories summarily reject them as frivolous." *See Geiger v. Conroy*, No. 22-2458, 2023 WL 2577233, at *1 n.1 (E.D. Pa. Mar. 20, 2023) (quotations and alteration omitted), *appeal dismissed,* No. 23-1752, 2023 WL 11134204 (3d Cir. Nov. 17, 2023).

Since the documents that Swinton sought to record and file are based on frivolous theories repeatedly rejected by courts nationwide, it follows that his constitutional claims are likewise frivolous. Swinton cannot establish any injury based on the Defendants' refusal to accept his documents because the inability to pursue frivolous arguments cannot give rise to a denial of access claim. *See Pitts v. Smith*, No. 22-00162, 2022 WL 18832251, at *3 (M.D. Ga. Dec. 28, 2022) ("Because Plaintiff's underlying state court claim is based on a plainly frivolous theory [i.e., a 'sovereign citizen approach'], he cannot show that any of Defendants' actions frustrated or impeded his pursuit of a nonfrivolous claim."), *report and recommendation*

*adopted*, 2023 WL 2167381 (M.D. Ga. Feb. 22, 2023); *Hughes v. Mathis*, No. 20-19, 2020 WL 13111142, at *4 (S.D. Tex. Oct. 6, 2020) (dismissing denial of access claim predicated on plaintiff's inability to file UCC materials based on sovereign citizen theories), *report and recommendation adopted*, 2022 WL 473743 (S.D. Tex. Feb. 15, 2022).  The Court will therefore dismiss Swinton's constitutional claims as frivolous.

### B.  State Claims

Swinton's remaining claims arise under state law.  There is no independent basis for the Court's jurisdiction over any these claims.[6]  The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  The Amended Complaint, like the initial Complaint, is silent on the citizenship of the parties, although it appears from context that all are citizens of Pennsylvania.  Accordingly, the Court will dismiss Swinton's remaining state claims for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Swinton's constitutional claims with prejudice as frivolous and will dismiss his state law claims without prejudice for lack of subject

---

[6] The Court declines to exercise supplemental jurisdiction having dismissed Swinton's federal claims.

matter jurisdiction.  No further leave to amend will be given because amendment would be futile. An Order follows that dismisses this case.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**